UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
19-10160-DPW

UNITED STATES OF AMERICA

v.

ROBERT BRITO-PINA

**REPORT AND RECOMMENDATION ON REQUEST
TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

November 1, 2023

DEIN, U.S.M.J.

## I. INTRODUCTION

The defendant, Robert Brito-Pina, was sentenced on June 12, 2020 to 42 months of custody followed by 36 months of supervised release. His term of supervised release began on June 27, 2023. On August 31, 2023, the Probation Department filed a "Request for Summons and Modification of the Conditions or Term of Supervision" (Docket No. 74). Therein, Probation requested that the defendant be ordered "to serve a 45-day period of location monitoring via GPS with a curfew of 10:00 P.M. – 5:00 A.M." (Id.). The matter was referred to this session for a Report and Recommendation, and hearings were held on October 16, 2023 and October 27, 2023.

For the reasons detailed herein and discussed at the last hearing, this Court recommends that the request for modification be DENIED without prejudice, but that, as

agreed, the defendant be ordered to increase his reporting to Probation as directed by Probation, including additional in-person reporting if appropriate.

## II. DISCUSSION

The defendant opposes the proposed modifications. He is currently employed, and the proposed curfew would interfere with his job at a construction site near the courthouse. Moreover, he objects to the GPS monitoring as being unnecessary and cumbersome.

The evidence presented by the Government indicates that the defendant is struggling to locate stable housing and to mend his relationship with his child and the child's mother. There have been a number of incidents where the defendant's vehicle has been located in the exclusion zone established as a condition of supervised release. At one point, shots were fired into the vehicle. However, the defendant himself has not been located within the zone, and he denies being there. In addition, police have been involved in an altercation between the defendant and his child's mother, but no criminal charges have been brought.

Probation is legitimately concerned about the defendant's adjustment to being released from custody and to being on supervised release. However, Probation is seeking to use the GPS "to ensure that Mr. Brito-Pina is not within his exclusion zone and is indeed residing at the residence that he has reported to Probation." (Docket No. 74 at 2). In the absence of proof of a violation of conditions of supervised release, this Court recommends that a less intrusive modification be ordered. The defendant is presently working near the courthouse and is willing to increase his reporting to Probation, be it in-person or remotely, at Probation's discretion. This Court recommends that this modification be adopted at this time. If circumstances

change, Probation can renew its request for GPS monitoring if it believes it to be appropriate at a later date.

### III. **RECOMMENDATION**

For these reasons, this Court recommends that the request for modification be DENIED without prejudice, but that, as agreed, the defendant be ordered to increase his reporting to Probation as directed by Probation, including additional in-person reporting if appropriate.[1]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Crim. P. 59(a) any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days after being served with this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which the objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).